IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VERNON ERNEST DORIAN CEPHAS, :
:
      Plaintiff, :
:
v. : Civil Action No. 18-851-RGA
:
DEPUTY WARDEN SCARBOROUGH, :
et al., :
:
      Defendants. :

---

Vernon Ernest Dorian Cephas, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 25, 2019
Wilmington, Delaware

*[signature]*

**ANDREWS, U.S. District Judge:**

Plaintiff Vernon Ernest Dorian Cephas, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7). The Court screened and reviewed the original complaint (D.I. 3, 9) pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a), dismissed several claims and gave Plaintiff leave to amend. (*See* D.I. 11, 12). The Court will screen and review Plaintiff's Amended Complaint and address his motion for reconsideration. (D.I. 19, 20).

## I. BACKGROUND

The facts as set forth in the original complaint are thoroughly described in the Court's October 2, 2018 Memorandum Opinion. (*See* D.I. 11). Plaintiff complains of actions taken when he was both an unsentenced detainee and a sentenced inmate at the JTVCC.[2] Count Ones and Four of the Amended Complaint (D.I. 19) allege deliberate indifference to medical needs in violation of the Eighth and Fourteenth Amendments;[3] Count Two alleges retaliation in violation of the First Amendment; and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] Plaintiff was found guilty on September 13, 2016, following a jury trial in the Superior Court of the State of Delaware in and for Kent County, and sentenced on December 13, 2016. *See State v. Cephas,* ID #150303005476 (Del. Super.). A convicted but unsentenced inmate has the same status under the Constitution as a pretrial detainee. *See Fuentes v. Wagner,* 206 F.3d 336 (3d Cir. 2000).

[3] As a pretrial detainee, the claim is brought under the Fourteenth Amendment, but analyzed under an Eighth Amendment standard. *See Natale v. Camden Cty. Corr. Facility,* 318 F.3d 575, 581-82 (3d Cir. 2003).

1

Count Three alleges denial of the right to due process in violation of the Fourteenth Amendment. Upon screening of the original complaint the Court dismissed Defendants Connections Community Support Programs, Inc. ("Connections"), Physician Assistant Deadra Parker ("Parker"), Marc Richman ("Richman"), Deputy Warden Parker ("Warden Parker"), Captain Bruce Burton ("Burton"), Lt. Tony Benson ("Benson"), Lt. Stevenson ("Stevenson"), and Warden Dana Metzger ("Metzger"). It also dismissed Count One as frivolous and Count Three as frivolous and for failure to state claims.

Plaintiff was allowed to proceed against Deputy Warden Scarborough ("Scarborough"), R.N. Tyler Bohanan ("Bohanan"), and R.N. Amy Malkin ("Malkin") on the retaliation claim. In addition, Plaintiff was allowed to proceed against Dr. Adrian Harewood ("Dr. Harewood") on a medical needs claim he raised in an amendment (D.I. 9) and that is now found at Count Four of the Amended Complaint (D.I. 19).

When the Court screened the original Complaint, Plaintiff was given leave to amend a medical needs claim for refusing to treat his blood pressure condition and high cholesterol as alleged in the Amendment at D.I. 9, and the Count Three retaliation claim against Warden Metzger. He was not given leave to amend any other claims.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. In addition, he moves for reconsideration of the denial of his request for counsel. (D.I. 20).

## II. SCREENING OF AMENDED COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

2

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Medical Needs

Plaintiff raises medical needs claims for incidents that occurred when he was a pretrial detainee and a sentenced inmate. The standard for evaluating a claim for inadequate medical care is the same under either status. *See* n.3, *supra*. As a pretrial

4

detainee, the Due Process Clause of the Fourteenth Amendment affords Plaintiff protection for his medical needs claim, *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977), and as a sentenced inmate, the Eighth Amendment affords him protection for his medical needs claims, *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. at 103-05. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979).

"[A] prisoner does not have the right 'to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives

5

continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

### 1. Count One

Despite the fact that Plaintiff was not given leave, he amended the claims raised in Count One against Parker and Connections. The Amended Complaint attempts to reinstate these claims that were dismissed as frivolous. Even were the Court to consider Count One of Amended Complaint, at most, its allegations speak to negligence and not deliberate indifference. As previously discussed, the allegations indicate that Plaintiff received medical care and, as alleged, neither Parker nor Connections violated Plaintiff's constitutional rights. Therefore, Count One will once again be dismissed as frivolous.

### 2. Count Four

Plaintiff was given leave to amend his previous amendment (D.I. 9) that alleged medical staff refuse to treat his conditions of high blood pressure and high cholesterol. Count Four of the Amended Complaint does not speak these claims, although it does add facts to the claim against Dr. Harewood, a claim on which Plaintiff was allowed to proceed.

Count Four also refers to a new individual, Dr. Reinette Charles. Count Four alleges that Dr. Charles told Plaintiff "she would get" Plaintiff a CT Scan that has been

requested by Dr. Ramsaran. (D.I. 19 at 5). Plaintiff seeks declaratory relief against Dr. Charles and alleges she has been deliberately indifferent to Plaintiff's serious medical needs. The sparse allegations against Dr. Charles do not rise to the level of a constitutional violation and they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

As previously determined, Plaintiff states a medical needs claim against Dr. Harewood. Count Four of the Amended Complaint contains additional allegations to support the claim against Dr. Harewood.

B. Retaliation

Count Two of the Amended Complaint alleges retaliation. When the original Complaint was screened it found that Plaintiff had stated retaliation claims against Malkin, Bohanan, and Scarborough. It further found that the retaliation claim against Metzger failed to state a claim and Plaintiff was given leave to amend.

Plaintiff "stands on his original claim" (D.I. 19 at 3) even though the Court previously determined it failed to state a claim against Metzger. Count Two of the Amended Complaint alleges that "Metzger who, as the supervisory official, failed to remedy the wrong after being made aware through report or appeal." (Id.). There are no allegations that Metzger was aware of Scarborough's alleged act of retaliation prior to the time it occurred. At previously discussed by the Court, at most, Plaintiff alleges that Metzger took no corrective action, but this does not state a retaliation claim. The Amended Count Two does not cure the pleading defects with regard to the claim raised against Metzger. Therefore, the retaliation claim against Metzger will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Due Process

The Amended Complaint attempts to reinstate the due process claim found in Count Three despite the fact that it was dismissed with prejudice and Plaintiff was not given leave to amend. Even were the Court to consider the new allegations, for the reasons discussed in the Court's October 2, 2018 Memorandum, Count Three is frivolous and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### D. Marc Richman and Department of Correction

The Court has dismissed the claims against Marc Richman. Plaintiff attempts to reinstate him as a defendant when he states that as a supervisory official he has been deliberately indifferent to Plaintiff's serious medical needs. (D.I. 19 at 6). The Amended Complaint does not reinstate Richman as a defendant given that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

The Amended Complaint attempts to add the Department of Correction ("DOC") as a defendant. It alleges that the DOC has failed to provide Plaintiff adequate medical care and seeks declaratory relief to declare the DOC was deliberately indifferent to Plaintiff's serious medical needs. This amendment is futile given that the DOC is immune from suit regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

### E. Operative Pleading

In light of the fact that the Amended Complaint did not cure Plaintiff's pleading defects and merely added facts to the claim raised against Dr. Harewood, the Court finds that the operative pleading consists of Docket Items 3, 9, 10 (sealed medical records), and 19. Plaintiff may proceed against Scarborough, Bohanan, and Malkin on the Count Two retaliation claim and against Dr. Harewood on the medical needs claim he raised in an amendment (D.I. 9) and that is now found in Count Four of the Amended Complaint (D.I. 19).

## IV. MOTION FOR RECONSIDERATION

On October 2, 2018, the Court denied Plaintiff's request for counsel. (*See* D.I. 12). He moves for reconsideration and again requests counsel for all the previous reasons raised by him, and, more specifically, that he cannot properly investigate or articulate the medical needs claim, that expert testimony will be required, that he does not know what to request in discovery, and that he has met the *Tabron* requirements. (D.I. 20).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). There is no intervening change in controlling law, no new evidence, and no clear error of law or fact or need to prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed its previous order denying Plaintiff's request for counsel. The Court note that Plaintiff continues to ably represent himself and his first request for

counsel was denied without prejudice to renew. In addition, this case is in its very early stages and Defendants have yet to be served or otherwise heard from. Thus, at a minimum, I have not determined that the case has arguable merit in fact. Finally, the Court finds that Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the denial of his request for counsel. Therefore, the motion for reconsideration (D.I. 20) will be denied.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 20); (2) allow Plaintiff to proceed against Dr. Adrian Harewood on the medical needs claim and Deputy Warden Scarborough, R.N. Tyler Bohanan, and R.N. Amy Malkin on the retaliation claim; and (3) dismiss all other Defendants and claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate Order will be entered.