IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON ERNEST DORIAN CEPHAS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-851-RGA |
| DEPUTY WARNDEN SCARBOROUGH, et al., | : |
| Defendants. | : |

Vernon Ernest Dorian Cephas, James T. Vaughn Correctional Center, Smyrna, Delaware.   Pro Se Plaintiff.

Stuart B. Drowos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Deputy Warden Scarborough,

Dana Spring Monzo, Esquire, and Emily Kara Silverstein, Esquire, White & Williams, Wilmington, Delaware.  Counsel for Defendant Amy Malkin.

**MEMORANDUM OPINION**

August 13, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Vernon Ernest Dorian Cephas, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 3).  He appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 7).  Before the Court is Defendant Amy Malkin's motion to dismiss.  (D.I. 37).  Briefing is complete.  (D.I. 38, 44, 45).

I.    **BACKGROUND**

The operative pleading consists of Docket Items 3, 9, 10 (sealed medical records), and 19.  Count two raises retaliation claims against Deputy Warden Scarborough and Registered Nurse Amy Malkin.  All other claims and Defendants having been dismissed.

Count two alleges that Plaintiff ran out of medication on February 14, 2017, and submitted a sick call request late that afternoon.  (D.I. 3 at 10).  The next morning, Malkin had Plaintiff taken to medical for triage, and she addressed the sick call request as an emergency.  (*Id.*)  When Plaintiff arrived, he explained to Malkin that it was not an emergency.  (*Id.*).  Malkin was "upset" and put Plaintiff out of triage.  (*Id.* at 11).  Plaintiff submitted a grievance over the matter.  (*Id.*).  Plaintiff alleges that after he submitted the grievance, he received inadequate medical care and was without medication for months.  (*Id.*).  Plaintiff also submitted grievances on February 21, 2017, April 11, 2017,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

and September 27, 2017.  (*Id.* at 11, 12).  On an unnamed date, Plaintiff was eventually seen "by sick call."  (*Id.* at 11).

On October 6, 2017, Plaintiff awakened with extreme chest pains and asked the building sergeant to call medical.  (*Id.* at 13).  He was taken to medical and triage began.  (*Id.*).  Malkin was in the medical office with Nurse Bohanan and, when Malkin saw Plaintiff, she commented that Plaintiff was "just complaining to get his K.O.P.'s" (*i.e.*, keep on person medications) and asked if he remembered doing this before and walked back to the office.  (*Id.* at 13-14).  Malkin took Plaintiff's blood pressure, told the other nurse to perform an EKG, and scheduled a chest x-ray.  (*Id.* at 14).  Bohanan, who had been with Malkin in the medical office just moments before, confronted Plaintiff and asked if Plaintiff was at medical to get KOP's, to which Plaintiff replied that he wasn't and that he knew the process to get refills.  (*Id.* at 15).  Bohanan asked an officer who was present if he was required to tell Plaintiff that he was writing him up.  (*Id.*).

Plaintiff returned to his unit and filed a grievance, and "never got the write-up from Bohanan."  (*Id.*).  The Medical Department received Plaintiff's grievance on October 11, 2017.  (*Id.*).  A few days later, on October 15, 2017, Plaintiff was told to report to the Lieutenant's Office and was formally notified that he had been issued a disciplinary report.  (*Id.*).  The report stated that Plaintiff lied about having chest pains and gave a false alarm on October 6, 2017.  (*Id.* at 15-16).  The disciplinary report referred to Plaintiff's February 15, 2017 medical visit when Malkin accused Plaintiff of seeing medical on an emergency basis to receive K.O.P.'s  (*Id.* at 16).  Plaintiff alleges that the disciplinary report was not logged until after Plaintiff's grievance was received

2

by medical. (*Id.* at 16). He alleges that Malkin and another medical provider conspired to file the false disciplinary report against him and punish him for the medical grievances he submitted against them. (*Id.* at 15, 17).

## II.     LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 545. Factual allegations do not have to be detailed, but must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.").

Moreover, there must be enough factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

3

short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III. DISCUSSION

Malkin moves for dismissal on the grounds that the operative pleading: (1) contains no allegations relating to the denial of medical care; (2) does not allege what role Malkin played with regard to the disciplinary report Plaintiff received; and (3) does not state a claim for retaliation.

The fact as alleged are set forth above. In brief, Plaintiff alleges that Malkin conspired with another medical provider to serve him with a disciplinary report, all in retaliation for Plaintiff's having submitted grievances complaining of actions that took place in the medical department.

The legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). I mention this because I previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous retaliation claims against Malkin. (*See* D.I. 11 at 13-14). In other words, I applied the standard when I screened the complaint. Nothing has changed since the Court's ruling.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires that a plaintiff demonstrate: (1) he engaged in protected activity; (2) he was subjected to adverse

4

actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). When analyzing a retaliation claim, courts consider that the task of prison administrators and staff is difficult, and that the decisions of prison officials require deference, particularly where prison security is concerned. *Rauser*, 241 F.3d at 334.

The Court has revisited Plaintiff's allegations as directed towards Malkin, carefully reviewed them, and liberally construed them as it must, and finds that Plaintiff adequately raises a retaliation claim as discussed in detail in the Court's earlier

5

memorandum opinion. (*See* D.I. 21). The Complaint's allegations offer more than formulaic conclusions and are more than bare assertions. While discovery may show that Malkin did not engage in retaliatory conduct, at this early stage of the litigation Plaintiff has pled sufficient facts to proceed against her.

Accordingly, the Court will deny Malkin's motion to dismiss.

**IV.    CONCLUSION**

Based upon the above discussion, the Court will deny Defendant Amy Malkin's motion to dismiss.

An appropriate Order will be entered.