IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VERNON ERNEST DORIAN CEPHAS, :
:
          Plaintiff, :
:
v. : Civil Action No. 18-851-RGA
:
DEPUTY WARDEN SCARBOROUGH, :
et al., :
:
          Defendants. :

**MEMORANDUM**

    1.    **Introduction.** Plaintiff Vernon Ernest Dorian Cephas, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Before the Court are Plaintiff's request for counsel and motion for leave to extend discovery and to depose Defendant Scarborough. (D.I. 72, 132). The motions are opposed by Defendant Warden Scarborough.[1]

    2.    **Request for Counsel.** Plaintiff requests counsel on the ground that he needs help in locating and serving defendants, his claims are meritorious, he needs help reviewing discovery he has received, he will need help in filing an opposition brief to defendants' motions for summary judgment, the issues are complex, and expert testimony will be required. (D.I. 72). In the alternative, Plaintiff asks the Court to

---

[1] On April 21, 2021, Connections Community Support Programs, Inc. filed a Suggestion of Bankruptcy. (D.I. 136 ). As of April 19, 2021, all proceedings against Connections Community Support Programs, Inc. and its employee(s) are stayed pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

1

provide him with a private investigator to locate and serve medical defendants Tyler Bohanan and Dr. Adrian Harewood. (*Id.*).

3.  A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

4.  After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

5.  I have reviewed the docket in this case as well as Plaintiff's filings. Throughout, Plaintiff has ably represented himself in this matter. He has propounded discovery and responded to discovery requests and has filed responsive briefs. In addition, to the extent he seeks a private investigator to locate and to serve two

medical, the issue is moot at the present time, the matter having been stayed against Connections and its employees. Upon consideration of the entire record, I have concluded that counsel is not warranted. Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

6. **Discovery and Deposition.** Plaintiff moves the Court to extend the discovery deadline so that he may depose Scarborough. (D.I. 132). Plaintiff states that he indigent and cannot afford to pay a stenographer. Plaintiff asked defense counsel if he could video record the deposition via a Zoom conference call. Plaintiff also asks the Court to extend the February 1, 2021 discovery deadline to March 21, 2021. (D.I. 132, 133). Plaintiff filed the motion on February 16, 2021, two weeks after the discovery deadline expired.

7. The original discovery deadline was December 28, 2020. (*See* D.I. 61). On December 7, 2020, Plaintiff requested an extension of the discovery, and the Court extended the discovery deadline to February 1, 2021. (D.I. 106, 107). The Court has broad discretion to rule upon inmate requests to conduct oral depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure. *See McKeithan v. Jones*, 212 F. App'x 129, 131 (3d Cir. 2007). Despite his *in forma pauperis* status, Plaintiff "would be responsible for his discovery expenses, including the costs associated with the taking of a deposition." *Sears v. Mooney,* 2018 WL 5841971, at *4 (M.D. Pa. Nov. 8, 2018). Here, Plaintiff concedes that he is indigent and has no money to pay for Scarborough's deposition. In light of Plaintiff's admission, the Court will deny his motion to extend the discovery deadline to depose Scarborough.

8. **Conclusion.** Based upon the above discussion, the Court will: (1) deny without prejudice Plaintiff's request for counsel (D.I. 72); and (2) deny Plaintiff's motion for leave to extend discovery and to depose Defendant Scarborough (D.I. 132). A separate order shall issue.

UNITED STATES DISTRICT JUDGE

August 4, 2021
Wilmington, Delaware