IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON ERNEST DORIAN CEPHAS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 18-851-RGA |
| | : |
| DEPUTY WARDEN SCARBOROUGH, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, this 7th day of December, 2022, having considered White and Williams LLP's motion to withdraw as counsel (D.I. 163) and Plaintiff's motion for reconsideration (D.I. 170);

IT IS HEREY ORDERED that: (1) the motion to withdraw as counsel (D.I. 163) is **GRANTED**; and (2) the motion for reconsideration (D.I. 170) is **DENIED**.

1. **Background**.  Plaintiff Vernon Ernst Dorian Cephas, an inmate at James T. Vaughn Correctional Center, appears *pro se* and has been granted leave to proceed *in forma pauperis*.  He filed this action on June 6, 2018. (D.I. 3).  On April 21, 2021, Connections Community Support Programs, Inc. filed a Suggestion of Bankruptcy and on June 11, 2021, the Court entered an order that, as of April 19, 2021, stayed all proceedings against Connections Community Support Programs, Inc. and its employees pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). (*See* D.I. 136, 144).  On March 10, 2022, White and Williams, LLC filed a motion to

withdraw as counsel for Defendant Amy Malkin, a Connections' employee.  (D.I. 163).  On February 7, 2022, the Court granted summary judgment in favor of Defendant Deputy Warden Scarborough and against Plaintiff.  (D.I. 159, 160).  It also granted in part and dismissed in part a motion to strike.  (*Id*.).   Plaintiff moves for reconsideration.

       2.    **Motion to withdraw**.  The motion to withdraw as counsel will be granted. (D.I. 163).  Amy Malkin now appears *pro se*.  (*See* D.I. 169 with updated address).

       3.    **Motion for Reconsideration**.  Plaintiff moves for reconsideration on the grounds that the Court erred on the issue of retaliation when it made a credibility determination.  (D.I. 170).  Plaintiff also asks the Court to stay the time to file a notice of appeal until there is a judgment on Plaintiff's claims against medical defendant R.N. Malkin.  (*Id*.).  The claims against Malkin are stayed.  (*See* D.I. 144).  Scarborough opposes on the grounds that the motion is untimely and, in the alternative, does not provide grounds for reconsideration.

       4.    The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Such a motion must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

       5.    The motion for reconsideration is untimely.  Under Fed. R. Civ. P. 59(e) Plaintiff had 28 days from the filing of the order to file his motion for reconsideration.

*See* Fed. R. Civ. P. 59(e); *Locke v. Uber*, 2015 WL 5008959, at *1 (M.D. Pa. Aug. 20, 2015) (dismissing motion for reconsideration as untimely), *aff'd*, 642 F. App'x 103, 104 (2016). The order at issue was docketed on February 8, 2022. (D.I. 160). Plaintiff received the order on February 11, 2022. (See D.I. 161 at ¶ 1). Plaintiff sought, and was granted, an extension of time until March 21, 2022 to file a notice of appeal. (D.I. 161, 162). Plaintiff did not file a notice of appeal. He filed a motion to reconsider on March 21, 2022. (D.I. 170).

6. Rule 59(e) set a deadline of "no later than 28 days after the entry of the judgment" to file a motion for reconsideration. The motion for reconsideration was filed on March 21, 2022, 41 days after entry of the February 8, 2022 order and 38 days after Plaintiff received the order. Therefore, it is untimely.

7. Even giving Plaintiff the benefit that he believed the deadline to extend the time to appeal also applied to the motion for reconsideration, he is not entitled to relief. Plaintiff attempts to reargue his opposition to the motion for summary judgment. The Court has reviewed the complaint, filing, and the memorandum opinion and order at issue. There is no error, and Plaintiff has provided no grounds that warrant reconsideration. The motion will be denied.

8. Finally, Plaintiff asks the Court to stay the time to file a notice of appeal until there is a judgment on his claims against Malkin. The motion will be denied. If Plaintiff wishes to appeal a final order entered by this Court he must file a notice of appeal at the proper time. *See Akwei v. Bureau of Prisons*, 2020 WL 8919083, at *1

(3d Cir. Oct. 2, 2020). Plaintiff needs to determine when that is; the Court cannot give him legal advice.

                                              /s/ Richard G. Andrews
                                              UNITED STATES DISTRICT JUDGE